## KIMBALL v. CADY.

A petition for new trial is matter of discretion with the court to which it is preferred, to grant or negative; therefore error cannot be predicated on such decision.

ERROR, from a decree of the Court of Common Pleas, on a petition for a new trial. Kimball brought his action against Cady on a promissory note to the Court of Common Pleas in August, 1781. The defendant pleaded a tender made in April, 1779. The plaintiff replied, that the money tendered, and now offered, consisted of continental bills of credit, which were not at the time of tender, and have never since been, at the value of one-thirtieth part of the debt contracted and promised in said note.

To this there was a demurrer, and judgment for the defendant.

Kimball, the plaintiff, petitioned for a new trial. He relied on the statute passed in October, 1782, which enacts,

" That in all actions brought before any of the Superior or County Courts in this state (either by original writ, appeal, or writ of error), for the recovery of any debt due by bond, note, or book account, contracted before or on the 7th day of January, 1780, and where the defendant in such action has, between the 1st day of September, 1777, and the 18th day of March, 1780, made a tender of a sum in continental bills of credit, to the creditor or creditors, in satisfaction of the debt demanded, and the creditor refused the same; then, and in every such case, the court before whom such action may be brought, are hereby authorized to direct such case to be heard and determined by reference thereof to indifferent persons, to be mutually chosen by the contending parties; and in case they or their attorneys shall neglect or refuse to agree on such references, the said court are authorized to determine such cause according to the rules of equity, taking all circumstances into consideration:    Which said referees so chosen as aforesaid, shall hear and determine such cause, as to them shall appear just and equitable, taking into consideration all the circumstances thereof, and make return to the same court where said cause shall be depending; who, unless sufficient objections be offered against such return, shall accept the same, and render judgment thereon accordingly."    And on this ground he alleged, that a repleader ought to be granted; for that he had mistook his plea, in that he did not traverse the defendant's plea in bar, and thereby open the subject of inquiry at large to the court.    That the statute enables the court, in such case, to give the cause an equitable consideration, and adjudge to the plaintiff what was equitable and just, notwithstanding the tender.

Kimball v. Cady.

Three exceptions were taken to this petition, at the Court of Common Pleas, by way of abatement: —

1. That the petitioner had not laid a profert of the legal proceedings mentioned in his petition.

2. That nothing appeared by the petition, but that complete justice had taken place.

3. That the statute mentioned in the petition did not exist until long after the final trial; therefore not applicable to this case.

The exceptions were adjudged sufficient, and the petition dismissed: And the decree of the Court of Common Pleas being examined on this writ of error, was affirmed.

By the whole COURT. There are two grounds for affirming the decision of the Court of Common Pleas:—

1. If the petition was for a new trial, it was matter of discretion with the court to which it was preferred, to grant or negative, and error cannot be predicated upon such decision.

2. The petition cannot be sustained on the statute for the equitable decision of tenders in certain cases, as there had been a judgment at law: For the provision of the statute extends not to cases adjudged and closed at law, but to cases open and prosecuting at law, and is expressly limited to actions pending by original writ, appeal, or writ of error. An extension of the statute retrospectively to overthrow judgments that have been rendered and acquiesced in at law, would be very inconvenient, and the words of the act will not admit of such a construction.